# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| BARRY SOTHERLAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:19-cv-00080 |
| HELEN D. FORD, et al., | ) | JUDGE CAMPBELL |
| Defendants | ) | |

## MEMORANDUM AND ORDER

Plaintiff filed a complaint for conspiracy to interfere with civil rights pursuant to 28 U.S.C. § 1985 and paid the filing fee. (Doc. Nos. 1, 5.) Plaintiff is a state prisoner confined in the Turney Center Industrial Complex, and he seeks redress from the Tennessee Board of Parole ("Parole Board") and its members. Accordingly, the Court must conduct an initial screening of his lawsuit as required by 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint or any portion of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Pro se status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, 612–13 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted).

Plaintiff sues under 42 U.S.C. § 1985, which confers a private federal right of action against any one or more persons who conspire to deprive a person or class of persons of equal protection of the law and who "do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is . . . deprived of having and exercising any right or privilege of a citizen of the United States." § 1985(3). To state a claim under § 1985(3), plaintiffs must plead facts consistent with (1) a conspiracy between two or more persons, (2) conceived for the purpose of depriving a person or class of people of the equal protection of the laws, (3) an act committed in furtherance of the conspiracy, and (4) that a person was either injured in his or her person or property, or

2

deprived of a right guaranteed by the Constitution. *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)). In so doing, plaintiffs must demonstrate that the conspiracy was motivated by racial or other constitutionally suspect class-based animus. *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir. 2000) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 829 (1983)).

Plaintiff alleges that the Parole Board and its members have conspired to use "seriousness of the crime" as a basis for automatic denial of parole to African American inmates convicted of crimes against Caucasian victims and that he was recently denied parole for that reason. (Doc. No. 1 at 7–8, 10.) Plaintiff reiterates this claim of racially-motivated conspiracy throughout his complaint, but—other than his own parole denial—the only actual fact Plaintiff alleges is that he has "dialogu[ed] with" other inmates and "discovered that it has been long-established that African American petitioners whom [sic] have Caucasian victims are more traditional to be declined parole under seriousness of the crime to those whom are, or are not African American with Caucasian victims." (*Id.* at 9.)

"Plaintiffs must plead conspiracy claims 'with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Arsan v. Keller*, No. 18-3858, 2019 WL 3494330, at *9 (6th Cir. Aug. 1, 2019) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Here, Plaintiff has not identified any examples of disparate treatment on the basis of the race of the inmate or victim, and he has not asserted any facts to support his allegation of a conspiracy. His complaint alleges nothing more than gossip and supposition, which do not constitute the "well-pleaded factual allegations" required to state a claim for relief.

Accordingly, Plaintiff's claim is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A. Because it is not clear that Plaintiff would be unable to allege facts sufficient to state a claim, this dismissal is without prejudice. *See Walters v. NaphCare, Inc.*, No. 3:09CV136, 2010 WL 1390383, at *8 (S.D. Ohio Mar. 31, 2010) ("A dismissal for failure to state a claim may be with, or without, prejudice, but the former is appropriate only if it is clear that granting the plaintiff leave to amend would be futile."). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE